IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| LYNDEN BROWN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:21-CV-535-A |
| | § | (NO. 4:18-CR-079-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Lynden Brown, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:18-CR-079-A, and applicable authorities, finds that the motion must be dismissed as untimely.

I.

Background

The record in the underlying criminal case reflects the following:

On March 27, 2018, movant was named in a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). CR Doc.¹ 11.

---

¹ The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-CR-079-A.

Movant entered a plea of not guilty. CR Doc. 15. He later changed his plea. He and his counsel signed a factual resume setting forth the penalty movant faced, the potential for enhancement under the Armed Career Criminal Act, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 19. On April 20, 2018, movant entered his plea of guilty, which the court found was knowing, voluntary, and informed. CR Doc. 18; CR Doc. 43.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 20. CR Doc. 23, ¶ 28. He received two-level enhancements for an offense involving three to seven firearms, id. ¶ 29, for a stolen firearm, id. ¶ 30, and for obstruction of justice. Id. ¶ 34. He received a four-level increase because the movant used or possessed a firearm in connection with another felony offense. Id. ¶ 31. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 37, 38. Based on a total offense level of 27 and a criminal history category of III, movant's guideline imprisonment range was 87 to 108 months. Id. ¶ 79. Movant filed objections, CR Doc. 25, and the probation officer prepared an addendum to the PSR. CR Doc. 27. Movant again filed objections. CR Doc. 28.

The court overruled the objections and sentenced movant to a term of imprisonment of 108 months. CR Doc. 42; CR Doc. 35. Movant appealed, CR Doc. 37, and the judgment was affirmed. United States v. Brown, 783 F. App'x 330 (5th Cir. 2019). His petition for writ of certiorari was denied. Brown v. United States, 140 S. Ct. 1136 (2020).

II.

Grounds of the Motion

Movant asserts two grounds in support of his motion. Under "Ground One," he states "abuse of discretion," Doc.[2] 1 at PageID[3] 5, and under "Ground Two," he states "ineffective assistance of counsel." Id. He references his memorandum brief, Doc. 2, as providing the supporting facts. Doc. 1 at PageID 5. The memorandum only discusses the alleged ineffectiveness of counsel in failing to challenge the enhancements to movant's base offense level. Doc. 2.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page numbers on the form used by movant are not the actual page numbers of the document.

III.

## Applicable Standards of Review

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a

4

defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

5

claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Timeliness of the Motion

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. United States v. Thomas, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the

direct appeals have been exhausted. Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). Movant's judgment became final when the Supreme Court denied his petition for writ of certiorari on February 24, 2020. Thomas, 203 F.3d at 355.

Movant does not address the timeliness of his motion, which is postmarked April 8, 2021.[4] The court notes that movant would not be entitled to equitable tolling in any event as he has not shown the exercise of any diligence. Nor has he shown that any extraordinary circumstance prevented him from timely filing his motion. Holland v. Florida, 560 U.S. 631, 649 (2010); In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). The motion is not timely and must be dismissed.

V.

Lack of Merit

Even if timely, the motion would be denied as it is without merit. Movant's sentence was the subject of his appeal and was affirmed. Misapplication of the sentencing guidelines is not a claim cognizable under § 2255. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Moreover, movant has failed to show that he received ineffective assistance of counsel. The

---

[4] Movant has attached to his motion a letter dated March 5, 2019, reflecting that certain state cases against movant have been dismissed. Doc. 1 at PageID 9. He says in his memorandum that he would like the court to take into account that the charges used as relevant conduct have been dismissed. Doc. 2 at 10. Of course, he is not entitled to de novo review or sentencing.

record reflects that his counsel made and vigorously pursued objections to the PSR. And, she pursued his strongest ground on appeal. Movant's conclusory allegations are insufficient to meet the test of Strickland. Miller, 200 F.3d at 282.

VI.

Order

The court ORDERS that movant's motion under 28 U.S.C. § 2255 be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 6, 2021.

JOHN McBRYDE
United States District Judge